Pfeifer, J.,
dissenting.
{¶ 37} After reading the lead opinion’s interpretations of the statutes and cases involved in this case, I am left with one overpowering conclusion: this issue is much more complicated than it should be. To me, compensation is compensation. Under this simple approach, Bernard’s request for unemployment benefits would be based on her total compensation, not just the portion of her compensation that was taxable.
*275 Burton Law, L.L.C., Robert Guehl, Tony M. Alexander, and Brandon Cogswell, for appellant.
Michael DeWine, Attorney General, Alexandra T. Schimmer, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor, and Rebecca L. Thomas and Robin A. Jarvis, Assistant Attorneys General, for appellee Ohio Department of Job and Family Services.
Rendigs, Fry, Kiely & Dennis, L.L.P., W. Roger Fry, and William H. Fry, for appellee Wakeman Educational Foundation.
{¶ 38} We all understand that Bernard allocated some of her remuneration to the cafeteria plan in order to save money on taxes. Many Ohioans make similar decisions every day; nobody wants to pay more taxes than necessary. Bernard might have made a different decision if she had known that her decision would affect her ability to receive unemployment benefits. But how was she to know? No ordinary resident can be expected to understand the interplay between the various state statutes, IRS notices and bulletins, cases, and definitions implicated in this case. As the lead opinion points out, even the court of appeals and the Department of Job and Family Services interpreted the statutes differently.
{¶ 39} This case raises two interesting questions. First, do Ohioans know and approve of the fact that some people earn so little money that they are not covered by unemployment insurance even though their employer pays into the system? Second, because Bernard’s entire compensation package isn’t remuneration, did her employer improperly pay her less than minimum wage?
{¶ 40} I would reverse the decision of the court of appeals. I would liberally construe “remuneration” to include Bernard’s entire compensation package. See R.C. 4141.46. I dissent.